# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARA WILLIAMS,<br><br>    Plaintiff,<br>  vs.<br><br>STATE OF CALIFORNIA, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. CV-F-03-6314 AWI LJO<br><br>**FINDINGS AND RECOMMENDATIONS ON DEFAULT JUDGMENT MOTION** |

Inmate plaintiff Tara Williams alleges defendant Sam Caldwell assaulted her at the Central California Women's Facility in Chowchilla. Plaintiff seeks a court default judgment against defendant Sam Caldwell.

## FACTUAL AND PROCEDURAL BACKGROUND

### Factual Background about the Attack

Plaintiff is incarcerated in the Central California Women's Facility in Chowchilla where she is serving a life sentence. (Doc. 41; Tara Williams Decl. P.1, line 20-21.) She was housed in the Medical Skilled Nursing Facility on September 29, 2002 where she was being tested for Systemic Lupus Erythematosis and chronic Neutropenia, forms of Leukemia. (Doc. 41; Tara Williams Decl. P.1, line 24 to p. 2 line 2.) Defendant was a male nurse employed at the facility.

On the night of September 29, 2002, plaintiff was sedated on pain medication, she awoke to find Sam Caldwell approaching her bed. He said he was there to take her vital signs. After putting the blood pressure cuff on her left arm, he began to pull the blankets off her, stating, "What do you have on beneath your blankets?" At the same time, he was using his right hand to pull his erect penis out of his pants. He already had a condom on, which was very close to her face. (Doc. 41; Tara Williams Decl.

p. 2 lines 5-9.)

She grabbed his penis "with the intention of breaking it so [she] could somehow ward off the assault." (Doc. 41; Tara Williams Decl. p. 2 lines 10-11.) They struggled for several minutes, before he fled. She was left holding some torn pieces of the condom and some of his pubic hair. There was secretion present on the condom and on her hand. (Doc. 41; Tara Williams Decl. p. 2 lines 12-14.)

The next day, Caldwell tried to get the pieces of the condom back, he apologized and said he would lose his job. (Doc. 41; Tara Williams Decl. p. 2 lines 15-16.) She reported the incident to another nurse who reported it to the watch commander.

Plaintiff testified at Caldwell's criminal trial and plaintiff believes he was convicted.

## Procedural Background

This action was filed on September 24, 2003 alleging claims for assault and battery, negligence and infliction of emotional distress. Plaintiff originally named the State of California and the California Department of Corrections, in addition to Sam Caldwell, as defendants. On February 23, 2004, the State defendants were dismissed, leaving Sam Caldwell as the sole defendant.

On February 28 and March 4, 2005, following attempts to personally serve defendant, the Court issued orders allowing for publication of the summons and complaint in the Los Angeles Daily Journal and in the Fresno Bee for four consecutive weeks. Proof of publication of the summons and complaint were filed on September 27, 2005. Plaintiff applied for entry of default, and default was entered against Caldwell on October 5, 2005.

## ANALYSIS & DISCUSSION

### Default Judgment Standard

A court (not clerk) default judgment is required when the claim is for an amount that is not certain or capable of being made certain by computation. *See* F.R.Civ.P. 55(b)(2). Generally, the default entered by the clerk establishes a defendant's liability:

> Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment. "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages will be taken as true." (citations omitted). *Geddes v. United Financial Group,* 559 F.2d 557, 560 (9th Cir. 1977).

*Televideo Systems, Inc. v. Heidenthal,* 826 F.2d 915, 917-918 (9th Cir. 1987).

1      A full scale evidentiary hearing on a default judgment is not required in every case. *See*
2 F.R.Civ.P. 55(b)(2); *James v. Frame,* 6 F.3d 307, 310 (5th Cir. 1993). The amount of damages may be
3 fixed by affidavits or declarations. *Transportes Aereos De Angola v. Jet Traders Invest. Corp.,* 624
4 F.Supp. 264 (D. Del. 1985); *see Davis v. Fendler,* 650 F.2d 1154 (9th Cir. 1981).

5      Granting default judgment is within a court's sound discretion. *Draper v. Coombs,* 792 F.2d
6 915, 924 (9th Cir. 1986). Factors whether to grant default judgment include:

7     1.    The substantive merits of plaintiff's claim;
8     2.    The sufficiency of the complaint;
9     3.    The amount of money at stake;
10    4.    The possibility of dispute as to any material facts in the case;
11    5.    Whether default resulted from excusable neglect; and
12    6.    "The strong policy of the Federal Rules of Civil Procedure favoring decisions on the
13           merits."

14 *Eitel v. McCool,* 782 F.2d 1470, 1471-12472 (9th Cir. 1986).

15      With the entry of default in the case at hand, this Court may accept the factual allegations of
16 plaintiff's complaint as true to assess liability. Moreover, the evidence presented by plaintiff establishes
17 the causes of action alleged against defendant.

18                             **Damages**

19      Plaintiff presents evidence that she has been emotionally and physically harmed from the
20 incident. A person who has suffered injury through the fault of another is entitled to 'be made whole'--
21 i.e., to be restored insofar as is possible to his or her preinjury condition through a 'compensatory'
22 damages award. Civ.Code § 3281. General damages compensate for 'pain and suffering' and
23 consequential emotional distress. *Beeman v. Burling*, 216 CA3d 1586, 1599, 265 CR 719, 727 (1990).

24      Plaintiff states that she was disgusted and appalled by the attack and, for many months after,
25 she was in a state of sheer panic. (Tara Williams Decl. p. 2 lines 22-23.) She was fearful, her heart
26 would race and she'd break out in a sweat whenever she heard keys jangling or prison staff approaching.
27 (Tara Williams Decl. p. 2 lines 22-23.) She couldn't concentrate and kept reliving the attack and she
28 was powerless to stop it in her weakened condition. She suffered some physical injury, minor bruising

to her hands and numbness in her left thumb which did not go away for many months.

She believes she has compromised her health issues because she has serious trust issues and no longer feels safe. For instance, she could not bring herself to go back to the Nursing Facility in the prison for fear it would happen again. (Tara Williams Decl. p. 3 lines 20-22.)

To this day, she still has difficulty falling asleep because she is very fearful at night. The visions of the incident constantly haunt her, but she tries to put the behind her. She goes through phases where she is so withdrawn, and feels completely out of touch with her emotions. (Tara Williams Decl. p. 4 lines 4-7.) She desperately wants closure.

Plaintiff presents evidence that she has difficulty sleeping, is fearful, relives the incident, has lost trust, is emotional among other "pain and suffering components." The event itself was undoubtedly emotionally tolling. She also presents evidence of some physical harm to her hand. Plaintiff, however, does not provide any comparable verdicts or settlements for similar cases from which this Court can derive an amount.

Therefore, the Court finds $50,000 for compensatory damages.

Plaintiff also asks for punitive damages. Punitive damages are awarded in addition to actual damages 'for the sake of example and by way of punishing' the tortfeasor. Civ.Code § 3294(a).

Here, plaintiff presents evidence of conduct which warrants punitive damages. Defendant attacked plaintiff while she was sedated in a hospital bed and vulnerable to attack. Accordingly, punitive damages should be awarded. Again, plaintiff does not present any comparable verdicts or settlements for similar cases. Accordingly, $25,000 award is justified for punitive damages.

## **CONCLUSION**

For the reasons discussed above, this Court RECOMMENDS GRANTING plaintiff a $50,000 default judgment for compensatory damages and punitive damages of $25,000 against defendant Sam Caldwell.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72-304. Within 10 court days after service of these findings and recommendations on the parties, any party may file written objections to

1 these findings and recommendations with the Court and serve a copy on all parties and the magistrate
2 judge in compliance with this Court's Local Rule 72-304(b).  Such a document should be captioned
3 "Objections to Magistrate Judge's Findings and Recommendations."  Responses to objections shall be
4 filed and served within 10 court days after service of the objections in compliance with this Court's
5 Local Rule 72-304(d).  A copy of the responses shall be served on the magistrate judge.  The district
6 judge will review the magistrate judge's findings and recommendations, pursuant to 28 U.S.C. §
7 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive
8 the right to appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    August 29, 2006**            **/s/ Lawrence J. O'Neill**
b9ed48                                    UNITED STATES MAGISTRATE JUDGE